Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
Philip J. Giles (SBN 272582)
PGiles@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858)750-7600
Facsimile: (619) 590-1385

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

In re:

COHEN LEGAL NETWORK INC,

Debtor(s).

CASE NO.: 1:15-bk-12692-MT

CHAPTER: 7

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)

DATE: May 25, 2016
TIME: 11:00 am
COURTROOM: 302

**Movant:** U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR9

1. **Hearing Location:**

☐ 255 East Temple Street, Los Angeles, CA 90012
☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*)_________ and (*time*)_________; and, you may appear at the hearing:

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: April 15, 2016

Aldridge Pite, LLP
Printed name of law firm (if applicable)

Joseph C. Delmotte (SBN 259460)
Printed name of individual Movant or attorney for Movant

J.C. Del[signature]

Signature of individual Movant or attorney for Movant

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY[1]

1. **Movant is the:**
   - ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.
   - ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.
   - ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.
   - ☒ Other (*specify*): Movant was the pre-foreclosure assignee of the beneficiary of the Deed of Trust and in possession of the subject promissory note which is indorsed in blank, prior to the trustee's sale on August 12, 2015, at which the Property reverted to Movant.
2. **The Property at Issue (Property):**

   a. Address:

   *Street address:* 5461 Encino Avenue
   *Unit/suite number:*
   *City, state, zip code:* Encino, California 91316

   b. Legal description or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit 2 ): Los Angeles County; Inst. No. 06 1683287

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on (*date*) 8/12/2015 ______.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*): ____________.

   c. ☐ A plan, if any, was confirmed on (*date*): ______________.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☒ Other *(see attached continuation page)*.

(3) ☐ *(Chapter 12 or 13 cases only)*

(A) ☐ All payments on account of the Property are being made through the plan.

☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

(B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _______________, which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

(1) ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

(2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ______.

c. ☒ Other (*specify*): See Memorandum of Points and Authorities pages 8-9.

6. **Evidence in Support of Motion: (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page ~~6~~ 10 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☒ Other: A Broker's Price Opinion is attached hereto as Exhibit 19.

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒11 U.S.C. § 362(d)(1) ☒11 U.S.C. § 362(d)(2) ☐11 U.S.C. § 362(d)(3).
2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.
3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.
4. ☐ Confirmation that there is no stay in effect.
5. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.
6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.
7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.
8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.
9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.
10. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☒ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.
11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.
12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).
13. ☐ If relief from stay is not granted, adequate protection shall be ordered.
14. ☒ See attached continuation page for other relief requested.

Date: April 15, 2016

Aldridge Pite, LLP
Printed name of law firm (*if applicable*)

Joseph C. Delmotte (SBN 259460)
Printed name of individual Movant or attorney for Movant

[signature]
Signature of individual Movant or attorney for Movant

## ATTACHMENT 4.a.(2)(F) & 4.a.(6) [1]

☒ As a result of the original borrower Ezra Levi's (the "Borrower") default under the terms of the Note described more fully herein, a Notice of Default ("NOD") was recorded in the Official Records of Los Angeles County, State of California on May 24, 2011. A copy of the NOD is attached hereto as Exhibit 4 and incorporated herein by reference.

☒ On or about January 18, 2012, an unauthorized Grant Deed was executed whereby the Borrower purported to transfer interest in the Subject Property to Borrower, Ragi Levi, Sahak Vondi, Lucia Levi, Naid Levi, Hammad Vondi and Ali Levi as a "gift," for no consideration. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 5 and incorporated herein by reference.

☒ On or about February 13, 2012, Ragi Levi filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:12-bk-15050-NB. On March 14, 2012, Movant filed an In Rem Motion for Relief from the Automatic Stay (the "In Rem Motion") in said case whereby Movant sought In Rem Relief pursuant to 11 U.S.C. Section 362(d)(4) regarding the Property on the grounds that said filing was part of a bad faith scheme to delay, hinder and/or defraud Movant's efforts to foreclose on the Property. On April 17, 2012, the In Rem Motion was granted and on April 18, 2012, the court entered an Order Granting Motion for Relief from the Automatic Stay (the "In Rem Order") which included relief pursuant to 11 U.S.C. Section 362(d)(4). The In Rem Order was subsequently recorded in the Official Records of Los Angeles County, State of California, on May 4, 2012. A copy of the recorded In Rem Order is attached hereto as Exhibit 6. Case No. 2:12-bk-15050-NB was dismissed on or about March 27, 2012, and subsequently terminated on April 26, 2012. A copy of the court's case docket is attached hereto as Exhibit 7.

☒ On April 12, 2012, Sahak Vondi filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:12-bk-23034-VZ. Said case was dismissed on or about May 2, 2012, and subsequently terminated on June 5, 2012. A copy of the court's case docket is attached hereto as Exhibit 8.

☒ On May 15, 2012, Lucia Levi filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:12-bk-27042-WB. Said case was dismissed on or about December 21, 2012, and subsequently terminated on January 11, 2013. A copy of the court's case docket is attached hereto as Exhibit 9.

☒ On or about May 14, 2013, an unauthorized Grant Deed was executed and subsequently recorded on May 16, 2013, in the Los Angeles County Recorder's office whereby Borrower purported to transfer interest in the Subject Property to Zion Ida as a "gift," for no consideration. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 10 and incorporated herein by reference.

☒ On or about November 27, 2013, an unauthorized Grant Deed was executed and subsequently recorded on December 2, 2013, in the Los Angeles County Recorder's office whereby Zion Ida purported to transfer interest in the Subject Property to Conrad Otani or his successor in Trust, Trustee of the Otani Land Trust. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 11 and incorporated herein by reference.

☒ On October 31, 2014, Borrower filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – San Fernando Valley Division, and was assigned case No. 1:14-bk-14949-VK. Said case was dismissed on or about December 1, 2014 for failure to file schedules, statements and/or plan, and subsequently terminated on December 9, 2014. A copy of the court's case docket is attached hereto as Exhibit 12.

---

[1] Movant requests that the Court take judicial notice of the recorded Notice of Default, Notice of Sale, Trustee's Deed Upon Sale, grant deeds and prior filings by the beneficiaries under said grant deeds and the borrower pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure.

☒ On January 13, 2015, Borrower filed a second voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – San Fernando Valley Division, and was assigned case No. 1:15-bk-10105-AA. Said case was dismissed February 2, 2015 for failure to file schedules, statements and/or plan, and subsequently terminated on February 23, 2015. A copy of the court's docket is attached hereto as Exhibit 13.

☒ On April 9, 2015, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:15-bk-15533-BB. Said case was dismissed on April 29, 2015 for failure to file schedules, statements and/or plan. A copy of the court's case docket is attached hereto as Exhibit 14.

☒ On May 20, 2015, Debtor filed a second voluntary petition under Chapter 7 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:15-bk-18100-ER. Said case was dismissed on June 11, 2015, for failure to file schedules, statements and/or plan, and subsequently terminated on June 18, 2015. A copy of the court's case docket is attached hereto as Exhibit 15.

☒ On June 19, 2015, Conrad Otani filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – San Fernando Valley Division, and was assigned case No. 1:15-bk-12151-MB. Said case was dismissed on July 10, 2015, and subsequently terminated on July 21, 2015. A copy of the court's case docket is attached hereto as Exhibit 16.

☒ On July 23, 2015, based on Borrower's failure to cure the NOD, a Notice of Sale was recorded in the Official Records of Los Angeles County, State of California, which scheduled a Trustee's sale of the Property for August 12, 2015 at 10:00 A.M. A copy of the NOS is attached hereto as Exhibit 17 and incorporated herein by reference.

☒ On August 12, 2015, at approximately 9:58 A.M., two (2) minutes before the scheduled Trustee's sale of the Property, Debtor filed the instant case (case No. 1:15-bk-12692-MT), its third (3rd) filing in the past four (4) months, wherein it listed an interest in the Property and has yet again failed to file the required bankruptcy schedules and statements, nor has it retained counsel as required by Local Bankruptcy Rule 9011-2(a).

☒ On August 12, 2015, at approximately 10:46 a.m., forty-eight (48) minutes after Debtor filed the instant bankruptcy petition wherein it lists an interest in the Property, Movant, acting through the duly appointed foreclosure trustee, conducted a trustee's sale of the Property at which the Property reverted to Movant. A copy of the recorded Trustee's Deed Upon Sale is attached hereto as Exhibit 18 and incorporated herein by reference.

## ATTACHMENT 14.

In the alternative, Movant requests an order confirming the automatic stay was not in effect as to the Subject Property at the time of the trustee's sale and recordation of the Trustee's Deed Upon Sale.

[2] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite,LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. SUFFICIENT CAUSE EXISTS TO ANNUL THE AUTOMATIC STAY TO VALIDATE MOVANT'S FORECLOSURE SALE**

**1. *Legal Standard*.**

Section 362 of the Bankruptcy Code creates an automatic stay applicable to all entities that, in general, and with some specific exceptions, stays all acts to create, perfect, or enforce any lien against property of the estate and/or to obtain possession of property of the estate. Pursuant to well settled Ninth Circuit precedent, actions taken in violation of the automatic stay are void. See Schwartz v. United States (In re Schartz), 954 F.2d 569, 571 (9th Cir. 1992); see also Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir. 2000). However, the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay." 11 U.S.C. § 362(d). Indeed, in appropriate circumstances, the court may annul the automatic stay retroactively to validate an act that was committed in violation of the stay and would otherwise be void. See In re Siciliano, 13 F.3d 748, 751 (3rd Cir. 1994); see also Schartz, supra at 573.

Generally, the bankruptcy court has wide latitude to determine whether annulment of the automatic stay is appropriate and makes a case-by-case determination by balancing the equities. In re Fjeldsted, 293 B.R. 12, 26 (9th Cir. B.A.P. 2003). Although no one factor is dispositive, courts typically focus on two factors, including: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. Other factors courts consider include: (1) the number of filings; (2) whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors; (3) a weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser; (4) the debtor's overall good faith (based upon the totality of the circumstances); (5) whether creditors knew of the stay, but nonetheless took action, thus compounding the problem; (6) whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules; (7) the relative ease of restoring parties to the status quo ante; (8) the costs of annulment to debtors and creditors; (9) how quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct; (10) whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief; (11) whether annulment of the stay will cause irreparable injury to the debtor; and (12) whether stay relief will promote judicial economy or other efficiencies. Id. at 25.

**2. *Cause Exists to Annul the Automatic Stay***

In this case, Movant conducted an otherwise lawful foreclosure sale on August 12, 2015, at 10:46 a.m., approximately forty-eight (48) minutes after the Debtor's filing of the instant case, at which the Property reverted to Movant. There is sufficient cause to annul the automatic stay in this case as the bankruptcy was filed solely as part of a bad faith scheme to delay, hinder and/or defraud Movant from exercising its state law remedies to foreclose on the Property. Specifically, since the loan went into foreclosure, the Property has been the subject of numerous unauthorized transfers and no less than nine (9) bankruptcy filings by the Debtor, Borrower and other persons who purportedly acquired an interest in the Subject Property via unauthorized grant deeds. Furthermore, all of the prior cases, including the filings by Debtor and the Borrower, were subsequently dismissed and Debtor has yet again failed to comply with the Bankruptcy Code by filing the requisite schedules and statements or retaining counsel. Finally, in one of the prior cases by an individual who allegedly acquired an interest in the Subject Property from the Borrower, the court determined that the bankruptcy case was filed as part of a bad faith scheme and granted Movant's In Rem Motion for Relief from the Automatic Stay. In light of the numerous subsequent filings and unauthorized transfers since the court previously granted In Rem Relief, there is overwhelming evidence that the instant case was also filed in furtherance of the Borrower's bad faith scheme.

Several of the remaining *In Re Fjeldsted* factors also weigh in favor of annulment. For instance, Movant will be unduly prejudiced in the event the Automatic Stay is not annulled whereas Debtor will not be prejudiced as a result of annulment being granted. Indeed, if the Automatic Stay is not annulled, the sale will be deemed null and void as a matter of law and Movant will be forced to incur additional and otherwise unnecessary fees and costs to rescind the sale, obtain relief and conduct a new sale of the Subject Property. Conversely, as Movant is otherwise entitled to relief from the Automatic Stay and Debtor filed its petition under Chapter 7 of the Bankruptcy Code where the Property is not necessary for an effective reorganization, Debtor would not be prejudiced by the Court granting annulment. Also, it would not be equitable to reward the borrower and/or debtor for their bad faith scheme by allowing continued use of the Subject Property. For all of the foregoing reasons, there is cause to annul the Automatic Stay to validate Movant's trustee's sale and recordation of the Trustee's Deed Upon Sale.

## REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Monica Danielle Cameron, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other *(specify):* **SEE ATTACHED CONTINUATION SHEET**

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required

   b. ☒ Other *(see attached):* **SEE ATTACHED CONTINUATION SHEET**

3. The Movant is:

   a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

   b. ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (*specify*): Movant was the pre-foreclosure assignee of the beneficiary of the Deed of Trust and in possession of the subject promissory note which is indorsed in blank, prior to the trustee's sale on August 12, 2015, at which Movant was the successful bidder. See Exhibits 2, 3, 18.

4. a. The address of the Property is:

   Street address: 5461 Encino Avenue
   Unit/suite no.:
   City, state, zip code: Encino, California 91316

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: Los Angeles County; Inst. No. 06 1683287

5. Type of property *(check all applicable boxes)*:

   a. ☒ Debtor's principal residence
   b. ☐ Other residence
   c. ☐ Multi-unit residential
   d. ☐ Commercial
   e. ☐ Industrial
   f. ☐ Vacant land
   g. ☐ Other *(specify)*: ____________________

6. Nature of Debtor's interest in the Property:

   a. ☐ Sole owner
   b. ☐ Co-owner(s) *(specify)*:
   c. ☐ Lienholder *(specify)*:
   d. ☒ Other *(specify)*: The Debtor purportedly acquired its interest in the Real Property, subject to Movant's Deed of Trust, by a means unknown to Movant as evidenced by Debtor's bankruptcy petition.
   e. ☐ Debtor ☐ did ☐ did not list the Property in the Debtor's schedules.
   f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.
   The deed was recorded on (*date*) __________

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (specify) ____________________ that encumbers the Property.
   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 2 .
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 1 .
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit 3 .

8. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ | $ | $2,138,441.61 |
| b. Accrued interest: | $ | $ | $538,853.00 |
| c. Late charges | $ | $ | $8,261.45 |
| d. Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $379.21 |
| e. Advances (property taxes, insurance): | $ | $ | $143,911.52 |
| f. Less suspense account or partial balance paid: | $[ ] | $[ ] | $0.00 |
| g. TOTAL CLAIM[2] as of (*date*): 10/9/2015 | $ | $ | $2,829,846.79 |

   h. ☐ Loan is all due and payable because it matured on ( *date*) __________

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) 5/24/2011 or ☐ none recorded.
   b. Notice of sale recorded on (*date*) 7/23/2015 or ☐ none recorded.
   c. Foreclosure sale originally scheduled for (*date*) 8/12/2015 or ☐ none scheduled.
   d. Foreclosure sale currently scheduled for (*date*)___ or ☒ none scheduled.
   e. Foreclosure sale already held on (*date*) 8/12/2015 or ☐ none held.
   f. Trustee's deed upon sale already recorded on (*date*) 8/25/2015 or ☐ none recorded.

[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

10. Attached *(optional)* as Exhibit ____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ *(chapter 7 and 11 cases only)* Status of Movant's loan:

a. Amount of current monthly payment as of the date of this declaration: $ 15,109.08 for the month of October, 2015.

b. Number of payments that have come due and were not made: 61 Total amount: $ 808,191.24

c. Future payments due by time of anticipated hearing date *(if applicable)*:

An additional payment of $ 15,109.08 will come due on *(date)* November 1, 2015, and on the 1st day of each month thereafter. If the payment is not received within _ days of said due date, a late charge of $______ will be charged to the loan.

d. The fair market value of the Property is $ 2,000,000.00, established by:

(1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

(3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

(4) ☒ Other *(specify)*: A Broker's Price Opinion is attached hereto as Exhibit 19.

e. **Calculation of equity/equity cushion in Property:**

Based upon ☐ preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | $ None Scheduled | $2,829,846.79 |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $2,829,846.79 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit 2 and consists of:

(1) ☐ Preliminary title report.

(2) ☐ Relevant portions of the Debtor's schedules.

(3) ☒ Other *(specify)*: Movant's Trust Deed

g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ (829,846.79) and is __% of the fair market value of the Property.

h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ (829,846.79).

i. ☒ Estimated costs of sale: $ 160,000.00 (estimate based upon 8 % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

______________________________________________

______________________________________________

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: ______________.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: ______________.
A plan was confirmed on the following date (if applicable): ____________.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown or information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid: $
(*For details of type and amount, see Exhibit____.*)

e. Attorneys' fees and costs $
(*For details of type and amount, see Exhibit ____.*)

f. Less suspense account or partial paid balance $[ ]
TOTAL POSTPETITION DELINQUENCY: $

g. Future payments due by time of anticipated hearing date *(if applicable)*:______________.
An additional payment of $________________ will come due on ______________________, and on the ____ day of each month thereafter. If the payment is not received by the _________ day of the month, a late charge of $________ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable)
$________________ received on (date) ________________
$________________ received on (date) ________________
$________________ received on (date) ________________

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit______. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) __________ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _______.

16. ☐ Movant regained possession of the Property on (*date*) __________, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:
   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.
   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.
   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.
   d. ☒ Other (*specify*): ***See* CONTINUATION SHEET**

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:
   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.
   b. ☒ Multiple bankruptcy cases affecting the Property include: ***See* CONTINUATION SHEET**
      1. Case name:______________________________
         Chapter: _______ Case number: __________________
         Date filed: _____________ Date discharged: _____________ Date dismissed: ____________
         Relief from stay regarding this Property ☐ was ☐ was not granted.
      2. Case name:______________________________
         Chapter: _______ Case number: __________________
         Date filed: _____________ Date discharged: _____________ Date dismissed: ____________
         Relief from stay regarding this Property ☐ was ☐ was not granted.
      3. Case name:______________________________
         Chapter: _______ Case number: __________________
         Date filed: _____________ Date discharged: _____________ Date dismissed: ____________
         Relief from stay regarding this Property ☐ was ☐ was not granted.

   ☒ See attached continuation page for more information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☒ For other facts justifying annulment, see attached continuation page. (Memorandum of Points and Authorities pgs. 8-9)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 6, 2016 | Monica Danielle Cameron | Monica Danielle Cameron |
| Date | Printed name | Signature |

**CONTINUATION SHEET**

I, Monica Danielle Cameron, declare:

1. I am over 18 years of age and am employed as a Vice President Loan Documentation of Wells Fargo Bank, N.A. ("Wells Fargo"). In such capacity, I am authorized to make this declaration regarding the loan described below (the "Loan"). If called to testify in this matter, I would testify under oath as to the following:

2. I have access to and am familiar with Wells Fargo's books and records regarding the Loan, Wells Fargo's servicing records, and copies of the applicable Loan documents. I am familiar with the manner in which Wells Fargo maintains its books and records, including computer records relating to the servicing of the Loan. Wells Fargo's records are made at or near the time of the occurrence of the matters set forth in such records, by an employee or representative with knowledge of the acts or events recorded. Such records are obtained, kept and maintained by Wells Fargo in the regular course of Wells Fargo's business. Wells Fargo relies on such records in the ordinary course of its business.

3. Wells Fargo has the contractual right and responsibility to service the Loan on U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9's behalf.

4. As the loan servicer, Wells Fargo acts as an agent for U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9 and is generally responsible for the administration of the Loan until the loan is paid in full, assigned to another creditor, or the servicing rights are transferred. Administering the Loan includes, among other things, sending monthly payment statements, collecting monthly payments, maintaining records of payments and balances, collecting and paying taxes and insurance (and managing escrow and impound funds), remitting monies to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9, following up on loan delinquencies, home loan workouts and home retention programs, and other general customer service functions. Further, in the event of a default under the terms of the Loan, Wells Fargo is authorized by U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9 and under applicable law to enforce the terms of the subject deed of trust.

5. According to Wells Fargo's books and records, the Loan is evidenced by a promissory note executed by Ezra Levi ("Borrower") and dated July 24, 2006, in the original principal amount of $2,000,000.00 (the "Note"). *See* Exhibit 1.

6. Wells Fargo's records reflect that U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9 holds possession of the original Note. The Note is indorsed and payable in blank. *See* Exhibit 1.

7. The Note is secured by a deed of trust (the "Deed of Trust") relating to the real property commonly known as 5461 Encino Avenue, Encino, California 91316 (the "Property"). The Deed of Trust reflects that it was duly recorded. *See* Exhibit 2.

8. Copies of the Note and Deed of Trust which are attached hereto as Exhibits 1 and 2 are true and correct copies of said documents contained in Wells Fargo's business records.

9. The Deed of Trust was assigned to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9. A copy of the Assignment of Deed of Trust is attached hereto as Exhibit 3.

10. On or about January 18, 2012, an unauthorized Grant Deed was executed whereby the Borrower purported to transfer interest in the Subject Property to Borrower, Ragi Levi, Sahak Vondi, Lucia Levi, Naid Levi, Hammad Vondi and Ali Levi as a "gift," for no consideration. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 5 and incorporated herein by reference.

11. On or about February 13, 2012, Ragi Levi filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:12-bk-15050-NB. On March 14, 2012, Movant filed an In Rem Motion for Relief from the Automatic Stay (the "In Rem Motion") in said case whereby Movant sought In Rem Relief pursuant to 11 U.S.C. Section 362(d)(4) regarding the Property on the grounds that said filing was part of a bad faith scheme to delay, hinder and/or defraud Movant's efforts to foreclose on the Property. On April 17, 2012, the In Rem Motion was granted and on April 18, 2012, the court entered an Order Granting Motion for Relief from the Automatic Stay (the "In Rem Order") which included relief pursuant to 11 U.S.C. Section 362(d)(4). The In Rem Order was subsequently recorded in the Official Records of Los Angeles County, State of California, on May 4, 2012. A copy of the recorded In Rem Order is attached hereto as Exhibit 6. Case No. 2:12-bk-15050-NB was dismissed on or about March 27, 2012, and subsequently terminated on April 26, 2012. A copy of the court's case docket is attached hereto as Exhibit 7.

12. On April 12, 2012, Sahak Vondi filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:12-bk-23034-VZ. Said case was dismissed on or about May 2, 2012, and subsequently terminated on June 5, 2012. A copy of the court's case docket is attached hereto as Exhibit 8.

13. On May 15, 2012, Lucia Levi filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:12-bk-27042-WB. Said case was dismissed on or about December 21, 2012, and subsequently terminated on January 11, 2013. A copy of the court's case docket is attached hereto as Exhibit 9.

14. On or about May 14, 2013, an unauthorized Grant Deed was executed and subsequently recorded on May 16, 2013, in the Los Angeles County Recorder's office whereby Borrower purported to transfer interest in the Subject Property to Zion Ida as a "gift," for no consideration. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 10 and incorporated herein by reference.

15. On or about November 27, 2013, an unauthorized Grant Deed was executed and subsequently recorded on December 2, 2013, in the Los Angeles County Recorder's office whereby Zion Ida purported to transfer interest in the Subject Property to Conrad Otani or his successor in Trust, Trustee of the Otani Land Trust. A copy of the unauthorized Grant Deed is attached hereto as Exhibit 11 and incorporated herein by reference.

16. On October 31, 2014, Borrower filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – San Fernando Valley Division, and was assigned case No. 1:14-bk-14949-VK. Said case was dismissed on or about December 1, 2014 for failure to file schedules, statements and/or plan, and subsequently terminated on December 9, 2014. A copy of the court's case docket is attached hereto as Exhibit 12.

17. On January 13, 2015, Borrower filed a second voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – San Fernando Valley Division, and was assigned case No. 1:15-bk-10105-AA. Said case was dismissed February 2, 2015 for failure to file schedules, statements and/or plan, and subsequently terminated on February 23, 2015. A copy of the court's docket is attached hereto as Exhibit 13.

18. On April 9, 2015, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:15-bk-15533-BB. Said case was dismissed on April 29, 2015 for failure to file schedules, statements and/or plan. A copy of the court's case docket is attached hereto as Exhibit 14.

19. On May 20, 2015, Debtor filed a second voluntary petition under Chapter 7 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned case No. 2:15-bk-18100-ER. Said case was dismissed on June 11, 2015, for failure to file schedules, statements and/or plan, and subsequently terminated on June 18, 2015. A copy of the court's case docket is attached hereto as Exhibit 15.

20. On June 19, 2015, Conrad Otani filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California – San Fernando Valley Division, and was assigned case No. 1:15-bk-12151-MB. Said case was dismissed on July 10, 2015, and subsequently terminated on July 21, 2015. A copy of the court's case docket is attached hereto as Exhibit 16.

21. On July 23, 2015, based on Borrower's failure to cure the NOD, a Notice of Sale was recorded in the Official Records of Los Angeles County, State of California, which scheduled a Trustee's sale of the Property for August 12, 2015 at 10:00 A.M. A copy of the NOS is attached hereto as Exhibit 17 and incorporated herein by reference.

22. On August 12, 2015, at approximately 9:58 A.M., two (2) minutes before the scheduled Trustee's sale of the Property, Debtor filed the instant case (case No. 1:15-bk-12692-MT), its third (3rd) filing in the past year, wherein it listed an interest in the Property and has yet again failed to file the required Bankruptcy Schedules and Statements, nor has it retained counsel as required by Local Bankruptcy Rule 9011-2(a).

23. On August 12, 2015, at approximately 10:46 a.m., forty-eight (48) minutes after Debtor filed the instant bankruptcy petition wherein it lists an interest in the Property, Movant, acting through the duly appointed foreclosure trustee, conducted a trustee's sale of the Property at which the Property reverted to Movant. A copy of the recorded Trustee's Deed Upon Sale is attached hereto as Exhibit 18 and incorporated herein by reference.

24. Wells Fargo has retained counsel to represent it in this matter, and is thereby incurring attorneys' fees and expenses in this matter.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 15, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.wh.ecf@usdoj.gov

**TRUSTEE:**
Amy L Goldman (TR)
gabriela.garcia@lewisbrisbois.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 16, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Maureen Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367-6606

**DEBTOR:**
Cohen Legal Network Inc
5461 Encino Ave
Encino, CA 91316

**BORROWER:**
Ezra Levi
5461 Encino Avenue
Encino, CA 91316

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)____________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 15, 2016 | Richard L. Voss | /s/ RICAHRD L. VOSS |
|---|---|---|
| *Date* | *Printed name* | *Signature* |